FILED

APR 2 5 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CRUMP, | No.  CIV.S-05-2314 LKK DAD PS |
| Plaintiff, | |
| v. | ORDER AND ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COSTS |
| UNITED STATES SOCIAL SECURITY ADMINISTRATION and LESLIE J. DAVIS, | |
| Defendants. / | |

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed April 12, 2006, the court determined that plaintiff's complaint states a cognizable claim for relief against defendants United States Social Security Administration and Leslie J. Davis and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff has filed the required papers. Accordingly, IT IS HEREBY ORDERED that:

1

1. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, copies of the complaint, and copies of this order to the United States Marshal.

2. Within ten days from the date of this order, the United States Marshal is directed to notify defendants United States Social Security Administration and Leslie J. Davis of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3. The United States Marshal is directed to retain the sealed summons and a copy of the complaint in their file for future use.

4. The United States Marshal shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

5. If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

|   |   |
|---|---|
| 1 | b. Within ten days after personal service is |
| 2 | effected, the United States Marshal shall file the |
| 3 | return of service for the defendant, along with |
| 4 | evidence of any attempts to secure a waiver of service |
| 5 | of summons and of the costs subsequently incurred in |
| 6 | effecting service on said defendant. Said costs shall |
| 7 | be enumerated on the USM-285 form and shall include |
| 8 | the costs incurred by the Marshal's office for |
| 9 | photocopying additional copies of the summons and |
| 10 | complaint and for preparing new USM-285 forms, if |
| 11 | required. Costs of service will be taxed against the |
| 12 | personally served defendant in accordance with the |
| 13 | provisions of Fed. R. Civ. P. 4(d)(2). |

6. Defendants shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

7. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only as directed by the court.

8. If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m). In

3

1 the absence of a court order granting such a request, the provisions
2 of Local Rule 78-230(m) will govern all motions described in #7 above
3 regardless of plaintiff's custodial status.  See Local Rule 1-102(d).
4         9.   Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14
5 (9th Cir. 2003), plaintiff is advised of the following requirements
6 for opposing a motion to dismiss for failure to exhaust
7 administrative remedies made by defendants pursuant to non-enumerated
8 Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is
9 a request for dismissal of unexhausted claims without prejudice.  The
10 defendants may submit affidavits or declarations under penalty of
11 perjury and admissible documentation to support the motion to
12 dismiss.  To oppose the motion, plaintiff may likewise file
13 declarations under penalty of perjury and admissible documentation.
14 Plaintiff may rely upon statements made under the penalty of perjury
15 in the complaint if the complaint shows that plaintiff has personal
16 knowledge of the matters stated and plaintiff calls to the court's
17 attention those parts of the complaint upon which plaintiff relies.
18 Plaintiff may serve and file one or more affidavits or declarations
19 by other persons who have personal knowledge of relevant matters.
20 Plaintiff may also rely upon written records, but plaintiff must
21 prove that the records are what plaintiff claims they are.  If
22 plaintiff fails to contradict defendants' evidence with admissible
23 evidence, the court may rely on the defendants' evidence.  In the
24 event both sides submit matters outside the pleadings, the court may
25 look beyond the pleadings and decide disputed issues of fact.  If
26 plaintiff does not serve and file a written opposition to the motion,

4

the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

10. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendants' motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the

1  transcript of one or more depositions, answers to interrogatories, or
2  admissions obtained in this proceeding.  If plaintiff fails to
3  contradict the defendants' evidence with counteraffidavits or other
4  admissible evidence, the defendants' evidence may be taken as the
5  truth and the defendants' motion for summary judgment granted.  If
6  there is some good reason why such facts are not available to
7  plaintiff when required to oppose a motion for summary judgment, the
8  court will consider a request to postpone considering the defendants'
9  motion.  If plaintiff does not serve and file a written opposition to
10 the motion or a request to postpone consideration of the motion, the
11 court may consider the failure to act as a waiver of opposition to
12 the defendants' motion.  If the defendants' motion for summary
13 judgment, whether opposed or unopposed, is granted, judgment will be
14 entered for the defendants without a trial and the case will be
15 closed.

16        11.  A motion or opposition supported by unsigned
17 affidavits or declarations will be stricken.

18        12.  Each party shall keep the court informed of a current
19 address at all times while the action is pending.  Any change of
20 address must be reported promptly to the court in a separate document
21 captioned for this case and entitled "Notice of Change of Address."
22 A notice of change of address must be properly served on other
23 parties.  Pursuant to Local Rule 83-182(f), service of documents at
24 the record address of a party is fully effective.  Failure to inform
25 the court of a change of address may result in the imposition of
26 sanctions including dismissal of the action.

13. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

14. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

DATED: April 25, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\crump2314.usm.serve

7