IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY J. CRUMP,

    Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION and UNITED STATES OF AMERICA,

    Defendants.

_____/

No. CIV S-05-2314 LKK DAD PS

FINDINGS AND RECOMMENDATIONS

Defendants have moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56. Due to the pro se plaintiff's incarceration, the motion has been briefed and submitted without oral argument pursuant to Local Rule 78-230(m). Upon consideration of the parties' briefing and the entire record, the undersigned recommends that defendants' motion be granted.

PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows: On August 7, 2003, he lost his wallet; on August 8, 2003, he went to a Social Security Administration office in Carmichael, California to apply for a duplicate Social Security card; Leslie J. Davis, a Social Security representative, assisted plaintiff

1

1  with his application; plaintiff verified his identity with a California identification card, and he
2  provided representative Davis with a Social Security number that ends with the numbers 3586;
3  representative Davis told plaintiff that the number on her computer monitor ended with the
4  numbers 1565; when plaintiff asked representative Davis "if she was sure about this (inadvertent)
5  social security number being listed under [his] profile," she repeated the number that ends with
6  1565; plaintiff then completed an application form using the social security number "said to
7  [him] by Mrs. Leslie Davis as the social security number listed on her computer monitor";
8  plaintiff gave his completed form to representative Davis; two weeks later, plaintiff received a
9  replacement social security card in the mail; on January 24, 2004, plaintiff purchased a vehicle at
10  a dealership in Merced, California and applied for financing; plaintiff provided his replacement
11  social security card for the credit check and processing of his application for financing; plaintiff
12  returned to the dealership two days later to sign additional documents; while plaintiff was at the
13  dealership, officers from the Merced Police Department arrived and took plaintiff to the police
14  station, where they questioned him about his social security number and told him the number on
15  the replacement card belonged to another person who is also named Stanley Crump; plaintiff was
16  charged with identity theft, larceny, and commercial burglary.

17  Plaintiff claims that representative Davis failed to adequately investigate his social
18  security number when he applied for a replacement card and that she negligently issued him a
19  card bearing another person's social security number, in violation of federal statutes and
20  regulations.  By his complaint, plaintiff seeks compensatory and punitive damages from
21  representative Davis and the Social Security Administration for libel and slander; loss of
22  employment, wages, and future earning capacity; emotional distress, mental anguish, and pain
23  and suffering; and unlawful arrest, conviction, and incarceration, all of which are alleged to have
24  resulted from representative Davis' omissions, wrongful acts, and negligence while acting within
25  the scope of her employment.
26  /////

PROCEDURAL HISTORY

In a previous action filed in Sacramento County Superior Court in December 2004, plaintiff sued the Social Security Administration concerning the events at issue in this case. Plaintiff presented the case as a tort action for damages. Defendant removed the case to federal court on February 7, 2005, and moved to dismiss the action for failure to exhaust administrative remedies. The case was dismissed on May 16, 2005 at plaintiff's request  See Stanley Crump v. Social Security Admin., case No. CIV S-05-0247 MCE KJM PS.

Plaintiff filed the present action under the Federal Tort Claims Act on November 16, 2005. Plaintiff's application to proceed in forma pauperis was granted, and the United States Marshal was directed to serve plaintiff's complaint on defendants Davis and Social Security Administration. Defendants certified that defendant Leslie Davis, now known as Leslie Robertson, is an employee of the Social Security Administration and that she was acting within the scope of her employment as an employee of the United States at the time of the alleged incidents. In accordance with 28 U.S.C. § 2679, defendants substituted the United States of America as defendant in place of defendant Davis. An answer was filed on behalf of the United States of America and the Social Security Administration. Pursuant to a scheduling order filed on June 6, 2007, discovery closed on September 21, 2007. Pretrial conference and trial dates have been vacated pending disposition of defendants' timely filed dispositive motion.

DEFENDANTS' MOTION TO DISMISS

I. Standards Applicable to Rule 12(b)(1) Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

1   When a defendant's Rule 12(b)(1) motion attacks the existence of subject matter
2   jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Id.
3   "[T]he district court is not restricted to the face of the pleadings, but may review any evidence,
4   such as affidavits and testimony, to resolve factual disputes concerning the existence of
5   jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). It is the plaintiff's
6   burden to prove that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

7   II.  Analysis

8   Plaintiff seeks money damages from the United States and the Social Security
9   Administration pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and
10  2671-2680. Defendants have moved for dismissal of plaintiff's FTCA claim against the Social
11  Security Administration on the ground that the United States is the only proper defendant in a
12  suit under the FTCA. Defendants have further moved for dismissal of plaintiff's FTCA claim
13  against the United States on the ground that the torts of slander and libel are specifically excepted
14  from the limited waiver of sovereign immunity granted by the FTCA and that, in the absence of a
15  waiver of sovereign immunity to be sued for such torts, this court lacks subject matter
16  jurisdiction over plaintiff's claim for defamation.

17  "The basic rule of federal sovereign immunity is that the United States cannot be
18  sued at all without the consent of Congress." Block v. North Dakota ex rel. Bd. of Univ. & Sch.
19  Lands, 461 U.S. 273, 287 (1983). Similarly, no federal agency can be sued unless Congress has
20  explicitly revoked that agency's immunity. Gerritsen v. Consulado General de Mexico, 989 F.2d
21  340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir.
22  1979). Put another way, no court has jurisdiction to award relief against the United States or a
23  federal agency unless the requested relief is expressly and unequivocally authorized by federal
24  statute. United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S.
25  584, 586-87 (1941)).
26  /////

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy, 850 F.2d at 560. Absent a waiver of sovereign immunity, a claim against the United States or a federal agency must be dismissed for lack of subject matter jurisdiction. See Gerritsen, 989 F.2d at 343; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). If conditions are attached to legislation that waives the sovereign immunity of the United States, the conditions must be strictly observed by the courts, and exceptions are not to be readily implied. Block, 461 U.S. at 287. See also Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995) ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.").

In accordance with the principles of sovereign immunity, this court is required to determine whether the Social Security Administration and the United States have waived their sovereign immunity to suit on the specific claims alleged by plaintiff under the FTCA. A review of the FTCA reveals that Congress specifically declined to authorize suits against federal agencies on claims cognizable under the FTCA. 28 U.S.C. § 2679(a). In addition, Congress specifically precluded any civil proceeding for money damages against the employee whose act or omission gives rise to a claim against the United States under the FTCA, if that employee was acting within the scope of his or her employment. 28 U.S.C. § 2679(b). Accordingly, the United States of America is the only proper defendant in this case. Defendants' motion to dismiss plaintiff's claim against the Social Security Administration should be granted because the agency's sovereign immunity has not been waived.

Although the FTCA constitutes a waiver of the sovereign immunity of the United States for purposes of suit on most common law torts, the waiver does not extend to all torts. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 742-43 (9th Cir. 1991). In the FTCA, Congress has identified specific torts for which sovereign immunity has not been waived. The list of excluded torts includes "[a]ny claim arising out of . . . libel, slander,

misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). "Section 2680(h)'s exceptions are jurisdictional in nature." Meridian Int'l, 939 F.2d at 743 (citing Morrill v. United States, 821 F.2d 1426, 1426-27 (9th Cir. 1987)). See also Jimenez-Nieves v. United States, 682 F.2d 1, 6 (1st Cir. 1982) (holding that all of the plaintiff's claims involving injury to his reputation and consequent harm suffered by him when the Social Security Administration's negligent actions implicitly communicated defamatory statements were barred by the FTCA exception for libel and slander claims against the United States); Gartner v. S.E.C., 913 F. Supp. 1372, 1381 (C.D. Cal. 1995) ("[T]here is no jurisdiction for FTCA claims of libel and slander."). The exception extends to claims of negligent infliction of emotional distress where such claims arise from alleged defamation or slander. Thomas-Lazear v. F.B.I., 851 F.2d 1202, 1206-07 (9th Cir. 1988). See also Snow-Erlin v. United States, 470 F.3d 804, 808 (9th Cir. 2006) ("If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred.").

Here, plaintiff's claim against the United States includes the torts of libel and slander, which are excluded torts under § 2680(h). Accordingly, defendants' motion to dismiss should be granted with regard to plaintiff's claim for libel and slander, together with all damages alleged to have resulted from libel and slander, including plaintiff's loss of employment, wages, and future earning capacity; plaintiff's emotional distress, mental anguish, and pain and suffering; and plaintiff's arrest, conviction, and incarceration.

Plaintiff has also alleged a claim for negligent investigation and processing of his application for a replacement card, with resulting damages. Accordingly, the court will now turn to defendants' motion for summary judgment on plaintiff's negligence claim.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I. Standards Applicable to Motions for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(c).  See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Celotex Corp., 477 U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). The opposing party must demonstrate that a fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec.

Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

By order filed in this case on April 25, 2006, the pro se prisoner plaintiff was advised of the requirements for opposing a defendant's motion for summary judgment pursuant to Rule 56. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In their motion to dismiss and/or for summary judgment, defendants reminded plaintiff of the requirements and also advised plaintiff of his obligations pursuant to Local Rule 56-260(b).

II. Analysis

Defendants argue that summary judgment should be granted on plaintiff's negligence claim because there is no genuine issue of material fact in dispute and defendants are entitled to judgment as a matter of law. Defendants support their argument with several declarations, including plaintiff's own declaration in support of his complaint. Defendants offer a declaration dated April 20, 2007, by Patrick Sheehan, Assistant Regional Commissioner for Management and Operations Support for the Social Security Administration in Richmond, California; a declaration dated November 15, 2007, by Angelo Bottoni, District Manager for the Roseville District Office in Roseville, California; and a declaration dated November 15, 2007, by Leslie J. Robertson (formerly Leslie J. Davis), currently a contact representative in the Roseville District Office in Roseville, California. Defendants have also submitted certified or authenticated copies of a Merced Police Department police report dated January 27, 2004, with attachments; Merced County Superior County Information No. 29268 filed November 4, 2004; and an Abstract of Judgment filed in the Merced County Superior Court on March 7, 2005.

District Manager Bottoni, who supervises all official operations and procedures for the Roseville district office, declares as follows: the Carmichael field office where plaintiff

1  applied for a Social Security replacement card on August 8, 2003 has been consolidated into the
2  Roseville district office; part of the agency's customer service is to assist individuals with
3  applications for a replacement Social Security card; when an individual makes such an
4  application, standard office procedure requires a search for the applicant's Social Security
5  records; the procedure to be followed by a Social Security representative conducting a records
6  search depends on whether the applicant knows his or her Social Security number; if the
7  applicant knows his or her Social Security number, the standard procedure requires the
8  representative to conduct a computer search using the number provided by the applicant; a search
9  by Social Security number is called a "Numident" query; if the applicant does not know his or
10 her Social Security number, the applicant's records can be located only by a computer inquiry
11 based on the individual's name; a search by name is called an "Alphadent" query, and such a
12 search is progressively refined by adding such identifying information as date of birth, place of
13 birth, and parents' names.
14         Leslie J. Robertson, the former Leslie J. Davis, confirms her understanding of the
15 procedure described by District Manager Bottoni.  She declares as follows:  she has no specific
16 recollection of assisting plaintiff with his request for a replacement Social Security card on
17 August 8, 2003; the procedure she follows with regard to such requests depends on whether the
18 applicant knows his or her Social Security number; standard protocol requires a Numident query
19 if the applicant knows his or her Social Security number or an Alphadent query if the applicant
20 does not know his or her number.
21         Patrick Sheehan, Assistant Regional Commissioner for Management and
22 Operations Support, is the custodian of records for all Social Security offices located in
23 California or is otherwise qualified to authenticate records from the business operations of those
24 offices.  He causes records, both electronic and paper, to be maintained.  Mr. Sheehan describes
25 the records that exist pertaining to plaintiff's August 8, 2003 application for a replacement Social
26 Security card and declares as follows:  the two exhibits attached to his declaration are copies of

1 true and accurate records originally stored as computer data; the records were entered into a
2 computer database in the regular course of business for the purpose of recording the acts or
3 events reflected therein; and the records were entered into the database at or near the time of the
4 occurrence of the act or event.
5          Exhibit A to the Sheehan Declaration is a copy of the computerized version of
6 plaintiff's application for a replacement Social Security card as prepared in the field office in
7 Carmichael on August 8, 2003, and signed by Stanley Crump. Plaintiff's Social Security number
8 is listed on the form as a number ending in 1565. Declarant Sheehan states that if a handwritten
9 application was completed by plaintiff, the form would have been used to enter information into
10 the computer, and the handwritten application on paper would not have been maintained. As
11 stated in the Bottoni and Robertson declarations, declarant Sheehan also declares that when an
12 individual applies for a replacement Social Security card, the standard field office procedure for
13 locating the applicant's Social Security records is governed by whether the applicant knows his
14 or her number. If the applicant knows his or her number, the standard procedure is to search the
15 computer by the number given, a procedure called a "Numident" query. If the applicant does not
16 know his or her number, the only way to locate the applicant's records is to begin a computer
17 inquiry based on the individual's name, i.e., an "Alphadent" query, and to modify and refine the
18 search by adding other identifying information, such as date of birth, place of birth, and parents'
19 names.
20          Exhibit B to the Sheehan Declaration is a true and correct copy of a "CATF
21 Traffic Report" for the Social Security numbers at issue in this case, one of which ends with
22 1565 and the other of which ends with 3586. Mr. Sheehan declares that the report accurately
23 reflects all searches performed on each of those Social Security numbers between January 2002
24 and October 2006. The first page of Exhibit B is a report for the number ending in 1565. The
25 record shows that only two searches were conducted regarding this number in the year 2003, and
26 both were Numident searches made on August 8, 2003 (referenced on the report as 003220, i.e.,

the 220th day of 2003). The first search was conducted on August 8, 2003, at 1:13:09 p.m., and the second was conducted at 1:21:30 p.m. on the same date. As explained in the Sheehan declaration, the report also shows that both of the Numident searches were made in the Roseville District by Leslie Robertson, then known as Leslie Davis. The second page of the report shows that no Numident search was made for plaintiff's actual Social Security number, which ends in 3586, in the year 2003. The two pages of the report show that no Alphadent query was made for the name Stanley Crump on August 8, 2003 or on any other date in 2003.

        Plaintiff himself alleges and argues that he provided Ms. Davis with a Social Security number on August 8, 2003. Although plaintiff claims that he provided his correct Social Security number, which ends in 3586, plaintiff's assertion is contradicted by defendants' evidence. If plaintiff had provided his own number when he applied for a Social Security replacement card on August 8, 2003, Ms. Davis would have conducted a Numident search for the number ending in 3586 and the CATF Traffic Report would show that such a search was made. Similarly, if plaintiff had told Ms. Davis that he did not know his Social Security number, she would have made an Alphadent search for the name "Stanley Crump" and would have found at least two numbers linked to that name. If plaintiff had not provided any Social Security number on August 8, 2003, an Alphadent search for the name Stanley Crump would have resulted in entries on the CATF Traffic Report for the number assigned to plaintiff, i.e., the number ending in 3586, and the number assigned to the Stanley Crump who resides in Texas, i.e., the number ending in 1565. The computer database contains no record of an Alphadent search for the name Stanley Crump on August 8, 2003.

        Defendants' computer evidence demonstrates that plaintiff applied for a replacement Social Security card on August 8, 2003 and provided a Social Security number that ends with 1565. Defendants' computer evidence further shows that plaintiff affixed his signature to an application stating that his last Social Security number was the number ending with 1565. Had plaintiff provided his own number, which ends in 3586, the computer database would reflect

a numerical search for that number.  Had he provided no number, the computer database would reflect an alphabetical search for the name Stanley Crump.  The evidence before the court shows that plaintiff received a replacement card bearing another individual's Social Security number because that was the number he provided as his last Social Security number when he applied for a replacement card on August 8, 2003.  This evidence contradicts plaintiff's claim of negligence on the part of the Social Security representative who assisted plaintiff on August 8, 2003.[1]

   The undersigned finds that defendants' arguments in favor of summary judgment on plaintiff's negligence claim are supported by documentary evidence.  Defendants met their initial responsibility as the parties moving for summary judgment, and the burden has shifted to plaintiff to establish that a genuine issue as to any material fact actually exists or to show that defendants are not entitled to judgment as a matter of law.

   In opposition to defendants' motion, plaintiff relies on the allegations and denials of his complaint.  Plaintiff does not dispute any of the facts contained in defendants' statement of undisputed facts, and he has not presented his own statement of disputed facts.  Nor has plaintiff contradicted defendants' evidence with any probative evidence of his own.  Plaintiff has thus failed to establish that there is any disputed issue of material fact that precludes summary judgment, and he has failed to show that defendants are not entitled to judgment in their favor as a matter of law on the claim of negligence.

/////

---

[1] The application signed by plaintiff on August 8, 2003 reflects that the applicant is a white male born in Texas in 1950 and that his parents' names were June Cotney and Eugene Crump.  Plaintiff has alleged that he answered questions about his own place of birth, mother's maiden name, and father's name, and defendants' evidence shows that Ms. Davis could not have obtained such information from any source except plaintiff and the Social Security records she located using the number provided by plaintiff.  Plaintiff has offered copies of other applications he made for a replacement Social Security card, including one made in August 1988 reflecting that he is a non-Hispanic Negro or Black born in Stockton, California in 1962 to parents whose names were Verdell Cray and Richard Crump.  An application made in February 1990 reflects that plaintiff is a North American Indian or Alaskan Native born in Stockton, California in 1962 to parents whose names were Verdell Cray and Richard Crump.

Accordingly, IT IS RECOMMENDED that:

1. Defendants' November 16, 2007 motion to dismiss be granted with regard to all claims against defendant Social Security Administration and plaintiff's claims of libel and slander;

2. Defendants' November 16, 2007 motion for summary judgment be granted with regard to plaintiff's claim of negligence; and

3. The Clerk of the Court be directed to enter judgment for defendants on all claims and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections shall be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten (10) days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\crump2314.mtdmsj.f&r